**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2664-17T2

CHARLES L. DIETZEK, D.O.,
FACOS, PC d/b/a VEIN AND
VASCULAR INSTITUTE, CREAD
MANAGEMENT, INC., and
CHARLES L. DIETZEK, D.O.,
FACOS,

     Plaintiffs-Respondents,

v.

VOORHEES WHITE HORSE, LP,

     Defendant-Appellant.

_____

     Argued March 4, 2019 – Decided March 21, 2019

     Before Judges Messano and Fasciale.

     On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2431-14.

     Matthew A. Green argued the cause for appellant (Obermayer Rebmann Maxwell & Hippel LLP, attorneys; Matthew A. Green and Samantha J. Koopman, on the brief).

Mark P. Asselta argued the cause for respondents (Brown & Connery LLP, attorneys; Mark P. Asselta, on the briefs).

PER CURIAM

In this commercial landlord-tenant case, the Landlord (defendant) appeals from the enforcement of litigants' rights and the award of attorney's fees.[1] The order enforcing litigant's rights generally compelled defendant to have a new roof installed, have an appropriate contractor do air conditioning work, provide documentation, and properly bill for purported maintenance in the common area. If defendant failed to do those things, the same order imposed a per diem penalty against defendant. The same order enforcing litigants' rights permitted a later counsel fee application, which plaintiff filed and another judge granted on March 16, 2018. The first judge enforced litigants' rights in plaintiffs' favor without conducting oral argument, even though there existed disputed facts. We

---

[1] In its Notice of Appeal (NOA), defendant identified only one order dated January 5, 2018. In its Case Information Statement (CIS), defendant identified two orders dated January 5, 2018. In its CIS, we presume defendant meant the January 5, 2018 order identified in the NOA, which granted tenants' (plaintiffs) motion in aid of litigants' rights, and a different January 5, 2018 order denying defendant's motion in aid of litigants' rights. In its merits brief, defendant requests that we reverse the orders dated January 5, 2018 and a March 16, 2018 awarding counsel fees to the plaintiffs. Defendant did not list the March 16, 2018 order in the NOA or CIS.

A-2664-17T2

reverse the January 5, 2018 orders and the related March 16, 2018 order awarding counsel fees, remand, and direct the judge to conduct a hearing to resolve all issues.

We reach this result for two main reasons. First, we cannot resolve the factual disputes. Defendant maintains that it satisfied its obligation to have a new roof installed.[2] As part of the resolution of the disputed factual issues, the judge must address defendant's assertions that plaintiffs prevented it from complying with previous orders, and that the orders under review erroneously enforced rights that never existed. Second, the entry of the orders on November 7, 2018 and February 25, 2019, which occurred during the pendency of this appeal without our knowledge, directly affect the soundness of the orders under review.

Essentially, the judge's finding in February 2019—that defendant had timely installed the roof—adjudicates what we deem to be defendant's lateral appeal from the January 5, 2018 order compelling defendant to install the roof.

---

[2] On November 7, 2018, the second judge imposed additional related per diem penalties against defendant. On February 25, 2019, that same judge conducted oral argument on defendant's motion to reconsider the November order and found defendant had installed the new roof in December 2017, which was before the entry of the orders on review. In the February 25, 2019 order, that same judge required defendant to pay additional fees for purported incomplete repair work, even though he found defendant had a new roof installed.

3

The parties should have sought leave from us seeking a limited remand to resolve the factual dispute about whether the premises had a new roof. Instead, because of the improper developments during the pendency of this appeal, defendant filed a motion on the Friday before our oral argument, seeking to supplement the record with only the February 25, 2019 order entered after the second judge made his findings.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2664-17T2